AO 106 (Rev. 04/10) Application for a Search Warrant    RAS

# UNITED STATES DISTRICT COURT
for the
Southern District of California



FILED
SEP 2 1 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                       DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )       Case No.   '17MJ3491
Samsung Cellular Telephone )
Model: SM-G531H UD; IMEI: 358174/07/388071/9; )
Serial No. R51H30WA4PP )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference

located in the    Southern    District of    California    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841, 846, 952, 960, 963 | Possession with intent to distribute a controlled substance; Importation of a controlled substance; Conspiracy to commit same |

The application is based on these facts:

See attached Affidavit of Task Force Officer Francisco Brambila, HSI

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Task Force Officer Francisco Brambila, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/21/17

*Judge's signature*

City and state: San Diego, CA        Hon. Karen S. Crawford, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963, is described below:

    (1)    Samsung Cellular Telephone
                Model: SM-G531H UD
                IMEI: 358174/07/388071/9
                Serial No. R51H30WA4PP

The cellular telephone is currently in the possession of the San Diego County Sheriff's Department, Lemon Grove Station, which is located at 3240 Main St, Lemon Grove, California 91945.

## ATTACHMENT B

## ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. The seizure and search of the cellular telephone will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period of <u>April 14, 2017 to June 14, 2017</u>:

a.  tending to identify attempts to import methamphetamine or some other controlled substance from Mexico into the United States;

b.  tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the smuggling of methamphetamine or some other controlled substance from Mexico into the United States;

c.  tending to identify co-conspirators, criminal associates, or others involved in smuggling methamphetamine or some other controlled substance from Mexico into the United States;

d.  tending to identify travel to or presence at locations involved in the smuggling of methamphetamine or some other controlled substance from Mexico into the United States, such as stash houses, load houses, or delivery points;

e.  tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 21, United States Code, Section 841, 846, 952, 960, and 963.**

The seizure and search of the cellular phone(s) shall follow the procedures outlined in the supporting affidavit. Deleted data, remnant data, slack space, and temporary and permanent files on the cellular phone(s) may be searched for the evidence above.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) | Case Number: |
| ) | |
| (1) Samsung Cellular Telephone ) | AFFIDAVIT OF TASK FORCE |
| Model: SM-G531H UD ) | OFFICER FRANCISCO |
| IMEI: 358174/07/388071/9 ) | BRAMBILA IN SUPPORT OF |
| Serial No. R51H30WA4PP ) | SEARCH WARRANT |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Francisco Brambila, upon being duly sworn do hereby state that the following is true to my knowledge and belief:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics smuggling investigation conducted by the Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), for the following target property seized from Ivan Alexey LOPEZ Gardea ("LOPEZ") on June 14, 2017.

    (1)    Samsung Cellular Telephone
               Model: SM-G531H UD
               IMEI: 358174/07/388071/9
               Serial No. R51H30WA4PP
               (hereinafter **"Target Telephone"**)

2. The **Target Telephone** was seized from LOPEZ on June 14, 2017, at the time of his arrest. It is believed that the **Target Telephone** was used by LOPEZ to communicate with conspirators during a drug smuggling event involving

1

1  methamphetamine in the Southern District of California, S.D. Cal. Crim. Case No. 17cr2025-BAS. Probable cause exists to believe that **Target Telephone** contains evidence relating to violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963. The specified telephone is currently in the possession of the San Diego County Sheriff's Department, Lemon Grove Station in Lemon Grove, California. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

3. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I submit this Affidavit in support of the application to search the **Target Telephone** for and to seize the items set forth in Attachment B (incorporated herein) which I believe will be found in the items to be searched as described in Attachment A (incorporated herein).

## EXPERIENCE AND TRAINING

4. I am a Task Force Officer with the Department of Homeland Security Investigations (HSI). I have been a peace officer with the San Diego County Sheriff's Department since November 1997. I am currently with the Sheriff's High Intensity Drug Trafficking Area (HIDTA) unit and assigned to the HSI Border Enforcement Security Taskforce (BEST) Group-8. I am responsible for investigating narcotics trafficking in the San Diego County Region. My duties include the investigation and apprehension of individuals involved in narcotic related activities.

5. I have been involved in over 300 narcotics related arrests, including the use, possession, sales, distribution and transportation of controlled substances. During these investigations, some of my duties have included participation in the debriefing of defendants, confidential cooperating individuals, and witnesses;

2

conducting surveillances; participating in undercover meetings; buys with suspects; executing search warrants and arrest warrants for narcotic related offenses. Additionally, I have attended about 270 hours of formal narcotics related courses. I have had formal training and experience in controlled substance investigations and I am familiar with the manner in which controlled substances, including methamphetamine are manufactured, packaged, marketed and consumed. I have received training in the identification of a variety of controlled substances by sight and odor, including methamphetamine. In the course of my employment, I have become familiar with the ordinary meaning of controlled substance slang and jargon, and I am familiar with the manners and techniques of manufacturers and traffickers in methamphetamine as practiced locally

6. Through the course of my training, investigations, and conversations with other law enforcement personnel, I am aware that it is a common practice for narcotics smugglers to work in concert with other individuals. Through my training and experience, and through consulting with other law enforcement personnel, I am aware that individuals involved in smuggling narcotics may utilize cellular telephones, electronic mail, and social networking sites to coordinate with conspirators in order to further their criminal activities. These communications may include, but are not limited to, communications referring to smuggling arrangements, smuggling routes, payment, methods of smuggling, delivery locations, communications referring to the acquisition of vehicles and or individuals to drive those vehicles, photographs, videos, and communications containing the names and email addresses of conspirators. I am aware that cellular telephones may contain these conversations as well as names, telephone numbers, addresses, and photographs of conspirators. I am also aware that persons discussing criminal

3

1    matters over the phone often speak in code or vaguely, and I am aware of some
2    common codes or methods of coding.

3    7.   Further, based on my training and experience, I also know that narcotics
4    smuggling organizations depend upon maintaining their extensive contacts
5    throughout the country. This is done to maintain contact concerning the sources of
6    their narcotics and for marketing of said drugs. It is essential that professionally
7    organized operations maintain contact with one another and utilize expedient means
8    of communication. To do this, continued access to telephone communication is
9    necessary. The use of telephones is essential in maintaining timely long distance and
10   local contacts with the original suppliers and those down the organizational chain to
11   the local traffickers. The telephone enables the professional drug dealer to maintain
12   contact with drug associates, drug suppliers, and drug customers. I am aware that
13   those involved in illegal drug operations often list their telephones, and cellular
14   telephones in the names of others to conceal their identities and illegal purposes. It
15   is likewise essential that such organized groups meet to formulate plans concerning
16   controlled substances or other illegal activities, and to divide their illegal proceeds.
17   I am also familiar with how drug traffickers speak to each other and generally
18   conduct business. For example, I am aware that drug traffickers often use telephones
19   to discuss, plan and coordinate drug distribution activities. This training and
20   experience forms the basis for my opinions expressed below

21   8.   The facts set forth in this affidavit are based on my own personal
22   knowledge; knowledge obtained from other individuals during my participation in
23   this investigation, including other law enforcement officers; interviews; my review
24   of documents related to this investigation; communications with others who have
25   personal knowledge of the events and circumstances described herein; conversations
26   with other agents experienced in controlled substance investigations, and
27

4

information gained through my training and experience. All the dates, times, and amounts listed in this affidavit are approximate

9. Based upon my training and experience as a Sheriff's Detective/Task Force Officer, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this Affidavit, I submit the following:

    a. Drug smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

    b. Drug smugglers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

    c. Drug smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

    d. Drug smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

    e. Drug smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings.

    f. Drug smugglers and their co-conspirators often use cellular telephones to communicate with load drivers who transport their narcotics and/or drug proceeds.

## PROBABLE CAUSE

10. On June 14, 2017, at approximately 3:10 p.m., LOPEZ was the driver of a blue Nissan Versa, accompanied by his minor daughter, and applied for entry into the United States at the San Ysidro, California, port of entry. The vehicle (and it's occupants) were referred to secondary inspection, after U.S. Customs and Border Protection (CBP) Officer Pero noticed a suspicious box of Ghirardelli cake mix.

11. CBP Officer Olsen, along with his narcotics human detector dog (NHDD), responded to LOPEZ's vehicle. Officer Olsen's assigned canine alerted to LOPEZ's vehicle.

12. CBP Officer Hamilton was assigned to inspect LOPEZ's vehicle in secondary inspection. Officer Hamilton found 10 rectangular packages concealed within food boxes in the trunk of the vehicle. The crystal-like substance contained in the packages field-test positive for the properties of methamphetamine, and had a combined weight of 20.4 kilograms (or 44.18 pounds).

13. LOPEZ was placed under arrest. Incident to his arrest, CBP officers seized the **Target Telephone** from LOPEZ's vehicle.

14. On June 14, 2017, I was notified of the methamphetamine seizure. I arrived at the POE and made contact with LOPEZ. LOPEZ identified the **Target Telephone** as belonging to him.

15. Given the above-stated facts, I believe that probable causes exists to believe that LOPEZ was engaged in drug smuggling along with other possible co-conspirators, and he utilized the **Target Telephone** to communicate with one or more of these co-conspirators. Further, I believe, based upon my training, education and experience with regards to drug smuggling operations that LOPEZ was using the **Target Telephone** close-in-time to his arrest as tools to communicate with his co-conspirators to effect delivery of the methamphetamine found in his vehicle. I

believe that evidence of this conspiracy will exist on the **Target Telephone**. Given that the **Target Telephone** was seized at the time of his arrest, and have been in law enforcement hands since that time, I believe such evidence still exists on the **Target Telephone**. Based upon my training, education and experience investigating drug smuggling operations, I believe that this conspiracy existed for a period of time prior to LOPEZ's arrest—often months before law enforcement discovers the criminal conspiracy. Therefore, I respectfully request the Court order that law enforcement be permitted to extract information for the period of April 14, 2017, up to and including June 14, 2017.

16. Based upon my experience and investigation in this case and in other cases, I am aware that narcotics traffickers and the organizations they work for often use cellular phones to organize their activities and that evidence of that use may often be found on their cellular phones. I also know that recent calls made and received, telephone numbers, contact names, electronic mail (email) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of cellular telephones which constitute evidence of narcotics trafficking and which tend to identify other persons involved in trafficking activities. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the trafficking activities of LOPEZ such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are probably stored in the memory of **Target Telephone** described herein.

//
//

## METHODOLOGY

17. It is not possible to determine, merely by knowing the cellular telephone's make, model, and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books, and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

18. Following the issuance of this warrant, I will collect **Target Telephone** and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

19. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

20. Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that LOPEZ used **Target Telephone** to facilitate the offense of importing methamphetamine. Further, the **Target Telephone** was likely used to facilitate the offense by transmitting and storing data, which constitutes evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963. Therefore, I respectfully request that the Court issue a warrant authorizing me, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A, and seize the items listed in Attachment B.

*[signature]* 4384

Francisco Brambila, Task Force Officer
U.S. Homeland Security Investigations

Sworn to before me and subscribed in my presence in
San Diego, California this 21st day of September, 2017.

*[signature]*

HON. KAREN S. CRAWFORD
United States Magistrate Judge

9